L. STRICKLER v. HENRY W. FOEGEL.

FILED JUNE 5, 1894.    No. 5615.

1. **Continuance.** The provision of section 961 of the Civil Code,
   for continuance by a justice of the peace of causes pending before
   him for a period not exceeding ninety days, has no application
   to causes in the county court proper and not within the jurisdic-
   tion of the county judge as a justice of the peace.

2. ———. Causes pending in the county court are continued by
   operation of law from term to term until disposed of, and the
   court will not lose jurisdiction thereof by reason of delay in
   bringing them to trial.

ERROR from the district court of Lincoln county.    Tried
below before HOLCOMB, J.

*Grimes & Wilcox,* for plaintiff in error.

*H. D. Rhea, contra.*

POST, J.

This is a petition in error from a judgment of the dis-
trict court of Lincoln county affirming a judgment of the
county court therein.    It is shown by the record that on
the 14th day of January, 1891, the defendant in error filed
in the county court his bill of particulars, in which he
claimed judgment against the defendant below, plaintiff in
error.    Summons was on the same day issued, returnable
February 2.    On the return day the defendant therein ap-
peared and moved to strike the "petition" on the ground

that it was not properly verified, which motion was sustained, as was also a motion to strike the amended petition. The cause was then, by agreement, continued to the 19th day of May following. On the last named day the plaintiff was, on motion of the defendant, required to make his petition more definite and certain, and allowed thirty days within which to amend. No further action appears to have been taken until the 9th day of December following, when, on motion of the plaintiff, the defendant was defaulted and a trial had. The result of that trial was a finding in favor of the plaintiff for $244.50, a finding in favor of the defendant for $148, and judgment for the plaintiff for balance shown in his favor by the findings of the court.

The only point made in the brief of the plaintiff in error is that the court had lost jurisdiction of the cause by reason of the time intervening between the 19th day of May and the 9th day of December. In support of that proposition we are referred to section 961 of the Civil Code, which provides that a justice of the peace may continue causes pending before him for a period not exceeding ninety days. We have no means of ascertaining definitely what the cause of action was, or whether it was within the jurisdiction of a justice of the peace, as the bill of particulars is not found in the record. The inference is, however, that the cause was one for the county court proper, and not within the jurisdiction of the judge thereof as a justice of the peace. For instance, the return day of the summons was more than twelve days from the date thereof, which is the limit allowed when the writ is issued by a justice of the peace; also, the finding in favor of the plaintiff for an amount exceeding the jurisdiction of a justice of the peace. These facts warrant the conclusion that it was a term cause. In any event, it was the duty of the plaintiff in error to bring up sufficient of the record to show affirmatively the error alleged. Such is the recog-

nized rule in appellate proceedings. What has been said is a sufficient answer to the argument of the plaintiff in error. The cause was on the docket of the county court proper, and was continued from term to term by operation of law. The provision of the Code above cited is accordingly inapplicable. It follows that there is no error in the record and that the judgment must be

AFFIRMED.